UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRADLEY A. WERNER JR.,

                        Plaintiff,

                -against-

NEW YORK CITY; MYLES ASHONG ADA
NYCDA; STEVEN A. HOFFNER, 18B,

                        Defendants.

25-CV-939 (LTS)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who currently is incarcerated in Marcy Correctional Facility (Marcy), brings this action, *pro se*, under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights during his state court criminal proceedings. By order dated February 18, 2025, the Court granted Plaintiff's request to proceed *in forma pauperis* (IFP), that is, without prepayment of fees.[1] For the following reasons, the Court dismisses the complaint with 30 days' leave to replead.

## STANDARD OF REVIEW

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" extended to *pro se* litigants, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure.

## BACKGROUND

The following facts are drawn from the complaint, which names as Defendants Plaintiff's criminal defense attorney Steven A. Hoffner, New York County Assistant District Attorney Myles Ashong, and the City of New York.[2] Plaintiff alleges that he was falsely arrested on September 18, 2023. (ECF 1 at 6.) He asserts that Ashong and Hoffner framed him and violated his right to a fair trial by "fail[ing] to allow evidence" to be presented to the jury during his criminal proceedings, preventing him from calling witnesses, and intimidating him into not testifying. (*Id.* at 4.) Plaintiff "believe[s] that the true relationship between [Ashong and Hoffner] will be exposed" at trial. (*Id.* at 6.) According to Plaintiff, the City of New York is responsible for his false arrest, the physical injuries that he suffered during his detention on Rikers Island, and his conviction, because it appointed Hoffner to represent him. (*Id.* at 6.)

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

Plaintiff further states that the administration of Mayor Eric Adams is corrupt, and that he has "gone through two years of hell" and "suffered being assaulted, attacked, abused, cursed at, punched, kicked, beaten, burned, cut and tortured [at Rikers Island] after justice was corrupted by the biased, racist and corrupt New York County (Manhattan) District Attorney's Office of Alvin L. Bragg Jr." (*Id.* at 8.) Plaintiff seeks $100 million in damages.[3] (*Id.*) Plaintiff has moved for appointment of *pro bono* counsel. (ECF 4.)

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988).

### A.    Claims against the named defendants

#### 1.    Defense attorney Steven A. Hoffner

A claim for relief under section 1983 must allege facts showing that each defendant acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private parties therefore generally are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002)

---

[3] Plaintiff has filed other complaints naming ADA Ashong and the City of New York arising out of his arrests, custody, and conviction. *See Werner v. New York City*, No. 25-CV-1443 (LTS) (S.D.N.Y. Feb. 24, 2025) (transferring Section 1983 complaint asserting claims arising out of incarceration at Marcy to the United States District Court for the Northern District of New York); *Werner v. New York City*, No. 24-CV-09543 (LTS) (S.D.N.Y. filed Dec. 10, 2024) (pending); *Werner v. New York Cnty., N.Y.C*, No. 24-CV-06284 (LTS) (S.D.N.Y. Oct. 10, 2024) (voluntarily dismissed as duplicative of 24-CV-4186); *Werner v. New York Cnty., NYC*, No. 24-CV-4186 (PAE) (OTW) (S.D.N.Y. filed May 22, 2024) (pending).

("[T]he United States Constitution regulates only the Government, not private parties."). Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), the representation of a defendant by private counsel in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of Section 1983). As Defendant Hoffner is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against this defendant under Section 1983. The Court dismisses that claim for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

### 2.    Assistant District Attorney Myles Ashong

Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "intimately associated with the judicial phase of the criminal process." *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)). In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that

ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against ADA Ashong are based on actions within the scope of his official duties and associated with the conduct of a trial. Therefore, Plaintiff's claims against ADA Ashong are dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(b)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Collazo v. Pagano*, 656 F.3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

### 3.    New York City

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978))); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 403 (1997) (internal citations omitted).

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized, constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

Plaintiff's allegations that the City of New York is liable for events occurring during his custody at Rikers, and the outcome of his criminal matter, do not suggest that a municipal policy, custom, or practice caused or led to the violation of Plaintiff's constitutional rights. The Court dismisses Plaintiff's claim against the City of New York for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**B.    False arrest claim**

A claim for false arrest under Section 1983 looks to state law as a starting point to determine the elements of a claim for false arrest. *See Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 378 (2017) ("[T]o flesh out the elements of this constitutional tort, we must look for 'tort analogies.'"); *Lanning v. City of Glens Falls*, 908 F.3d 19, 25 (2d Cir. 2018) (holding that common law principles are meant simply to guide rather than to control the definition of Section 1983 claims and courts should not "mechanically apply" the law of New York State).

To establish a false arrest claim under New York law, a plaintiff must show that: "(1) the defendant intended to confine [the plaintiff], (2) the plaintiff was conscious of the confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not otherwise

privileged." *Liranzo v. United States*, 690 F.3d 78, 95 (2d Cir. 2012). An arrest is privileged if it is based on probable cause. *Jenkins v. City of New York*, 478 F.3d 76, 84 (2d Cir. 2007) ("The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest." (quoting *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)) (internal quotation marks omitted)).

Because a complaint is not required to contain facts to negate an affirmative defense, a complaint need not include facts showing that the arresting officers lacked probable cause. *See Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007); *Dickerson v. Napolitano*, 604 F.3d 732, 751 (2d Cir. 2010) (holding that where a Section 1983 plaintiff was subjected to a warrantless arrest, it is the defendants' burden to prove probable cause as an affirmative defense to the plaintiff's false arrest claim). A false arrest claim can be dismissed based on probable cause, however, if it is evident from the facts alleged in the complaint that the officers had probable cause. *See Silver v. Kuehbeck*, 217 F. App'x 18, 22 (2d Cir. 2007).

Officers have probable cause to arrest when they have "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed . . . a crime." *Jaegly v. Couch*, 439 F.3d 149, 152 (2d Cir. 2006). "Probable cause can exist even where it is based on mistaken information, so long as the arresting officer acted reasonably and in good faith in relying on that information." *Bernard v. United States*, 25 F.3d 98, 102 (1994); *Curley v. Vill. of Suffern*, 268 F.3d 65, 70 (2d Cir. 2001) (holding that a police officer is "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest"). When information is received from a putative victim or an eyewitness, probable cause exists, unless the circumstances raise doubt as to the person's veracity. *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110,

119 (2d Cir. 1995). Put another way, police officers may have had probable cause to arrest if they have acted reasonably, even if they were mistaken. Police officers are "not required to explore and eliminate every theoretically plausible claim of innocence before making an arrest." *Curley*, 268 F.3d at 70.

Here, Plaintiff alleges that he was falsely arrested, but he does not provide any facts regarding the events giving rise to the arrest. The Court is therefore unable to determine whether the circumstances surrounding his arrest could arguably give rise to a false arrest claim. Plaintiff's allegations are therefore insufficient to plead a Section 1983 claim.

### C.    Motion for *pro bono* counsel

The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir. 1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172.

Because the Court is dismissing the complaint for failure to state a claim and on immunity grounds, it denies Plaintiff's motion for counsel without prejudice to renewal at a later date.

### LEAVE TO AMEND GRANTED

Plaintiff proceeds in this matter without the benefit of an attorney. District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid

claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court grants Plaintiff 30 days' leave to amend his complaint, should he wish to do so, to reallege his claims.

If Plaintiff does not file an amended complaint within the time allowed, the Court will direct the Clerk of Court to enter judgment in this action.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), (iii), with 30 days' leave to replead.

The motion for *pro bono* counsel is denied without prejudice, and the Clerk of Court is directed to terminate it. (ECF 4.)

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to hold this matter open on the docket until a civil judgment is entered.

SO ORDERED.

Dated:    June 20, 2025
          New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

_____                        ____ Civ. _____ ( ____ )

*(In the space above enter the full name(s) of the plaintiff(s).)*

         **AMENDED**
         **COMPLAINT**

      -against-

_____                        Jury Trial: ☐ Yes      ☐ No

_____                                       (check one)

_____

_____

_____

_____

_____

_____

*(In the space above enter the full name(s) of the defendant(s).  If you
cannot fit the names of all of the defendants in the space provided,
please write "see attached" in the space above and attach an
additional sheet of paper with the full list of names.  The names
listed in the above caption must be identical to those contained in
Part I.  Addresses should not be included here.)*

**I.      Parties in this complaint:**

A.      List your name, address and telephone number.  If you are presently in custody, include your
identification number and the name and address of your current place of confinement.  Do the same
for any additional plaintiffs named.  Attach additional sheets of paper as necessary.

Plaintiff      Name _____

                Street Address _____

                County, City _____

                State & Zip Code _____

                Telephone Number _____

B.      List all defendants.  You should state the full name of the defendant, even if that defendant is a
government agency, an organization, a corporation, or an individual.  Include the address where
each defendant may be served.  Make sure that the defendant(s) listed below are identical to those
contained in the above caption.  Attach additional sheets of paper as necessary.

Defendant  No. 1        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 2        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 3        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


Defendant  No. 4        Name _____

                        Street Address _____

                        County, City _____

                        State & Zip Code _____

                        Telephone Number _____


## II.    Basis for Jurisdiction:

Federal courts are courts of limited jurisdiction.  Only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties.  Under 28 U.S.C. § 1331, a case involving the United States Constitution or federal laws or treaties is a federal question case.  Under 28 U.S.C. § 1332, a case in which a citizen of one state sues a citizen of another state and the amount in damages is more than $75,000 is a diversity of citizenship case.

A.      What is the basis for federal court jurisdiction?  *(check all that apply)*

          ☐ Federal Questions              ☐ Diversity of Citizenship

B.      If the basis for jurisdiction is Federal Question, what federal Constitutional, statutory or treaty right is at issue? _____

          _____

          _____

C.      If the basis for jurisdiction is Diversity of Citizenship, what is the state of citizenship of each party?

          Plaintiff(s) state(s) of citizenship _____

          Defendant(s) state(s) of citizenship _____

          _____

### III.    Statement of Claim:

State as briefly as possible the <u>facts</u> of your case.   Describe how each of the defendants named in the caption of this complaint is involved in this action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims.  Do not cite any cases or statutes.  If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph.  Attach additional sheets of paper as necessary.

A.    Where did the events giving rise to your claim(s) occur? _____

_____

B.    What date and approximate time did the events giving rise to your claim(s) occur? _____

_____
_____

C.    Facts: _____

_____

| What happened to you? |

_____
_____
_____
_____

| Who did what? |

_____
_____
_____

| Was anyone else involved? |

_____
_____
_____

| Who else saw what happened? |

_____
_____
_____


### IV.    Injuries:

If you sustained injuries related to the events alleged above, describe them and state what medical treatment, if any, you required and received. _____

_____
_____
_____
_____
_____

**V.      Relief:**

State what you want the Court to do for you and the amount of monetary compensation, if any, you are

seeking, and the basis for such compensation.  _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____


**I declare under penalty of perjury that the foregoing is true and correct.**

Signed this ____ day of _____, 20___.

       Signature of Plaintiff     _____

       Mailing Address     _____

               _____

               _____

       Telephone Number     _____

       Fax Number *(if you have one)*     _____

<u>Note</u>:    All plaintiffs named in the caption of the complaint must date and sign the complaint.  Prisoners
    must also provide their inmate numbers, present place of confinement, and address.


<u>For Prisoners</u>:

I declare under penalty of perjury that on this _____ day of _____, 20___, I am delivering
this complaint to prison authorities to be mailed to the *Pro Se* Office of the United States District Court for
the Southern District of New York.


       Signature of Plaintiff:     _____

       Inmate Number     _____

*Rev. 12/2009*         4