UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BRADLEY A. WERNER, JR.,

        Plaintiff,

-against-

THE CITY OF NEW YORK, ET AL.

        Defendants.

25-CV-939 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who was incarcerated at Marcy Correctional Facility when he filed this complaint but is now at Rikers Island, is proceeding *pro se* and *in forma pauperis* ("IFP"). Plaintiff filed a complaint under 42 U.S.C. § 1983, alleging that the City of New York and other Defendants violated his constitutional rights. By order dated June 20, 2025, the Court directed Plaintiff to amend his complaint to address deficiencies in his original pleading. Plaintiff filed an amended complaint on September 3, 2025, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## BACKGROUND

In the original complaint, which named as Defendants Plaintiff's criminal defense attorney Steven A. Hoffner, New York County Assistant District Attorney ("ADA") Myles Ashong, and the City of New York, Plaintiff alleged that he was falsely arrested in 2023, and that Defendants violated his right to a fair trial, in connection with Ind. No. 71658/23, in myriad ways.[1] (ECF 1 at 6.) He further claimed that the District Attorney's office and the Office of the Mayor were "corrupt," which resulted in him being "tortured" and attacked at Rikers Island. (*Id.*)

---

[1] The Court quotes from Plaintiff's submissions verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

In the June 20, 2025 order, the Court: (1) dismissed the Section 1983 claims against Hoffner because he is a private actor; (2) dismissed on prosecutorial immunity grounds the claims against ADA Ashong; (3) dismissed the claims against the City of New York because the complaint did not contain facts suggesting that a municipal policy, custom, or practice resulted in a violation of Plaintiff's rights; and (4) granted Plaintiff leave to file an amended complaint to provide facts supporting a valid Section 1983 claim. (ECF 11.)

Plaintiff filed an amended complaint on September 3, 2025, which is the operative pleading.[2] (ECF 16.) The only Defendant in the amended complaint is the City of New York. Plaintiff asserts claims, arising out of his allegedly unlawful arrest and the treatment he received at Rikers, of false arrest, malicious prosecution, violations of his rights to due process and a fair trial, "cruel and unusual punishment," conspiracy, "failure to intervene," failure to protect, intentional infliction of emotional distress, assault, destruction of property, and "deliberate indifference." (*Id.* at 4.) Plaintiff further alleges that the City of New York should compensate him for the affordable apartment that he lost due to his incarceration. (*Id.* at 8.) Although ADA Ashong is no longer named a defendant in this action, Plaintiff reasserts that Ashong maliciously prosecuted him for a hate crime "because [he] had prosciutto" in his refrigerator, and was deliberately indifferent when he told the judge that Plaintiff was "seeking sympathy" after he was assaulted on Rikers. (*Id.* at 5.)[3]

---

[2] On August 11, 2025, Plaintiff filed a prior amended complaint. (ECF 14.) Thereafter, two copies of a new amended complaint, dated August 27, 2025, were docketed. (ECF 15, 16.) The August 27, 2025 amended complaint is the operative pleading.

[3] The amended complaint in this case contains facts that overlap with claims that Plaintiff asserted in prior complaints that he filed in this court. *See Werner v. New York County*, No. 24-CV-4186 (PAE) (OTW) (S.D.N.Y. filed May 22, 2024) (pending); *Werner v. City of New York,* No. 24-CV-9543 (LTS) (S.D.N.Y. Apr. 28, 2025) (dismissing complaint without prejudice); *Werner v. City of New York*, No. 25-CV-1443 (LTS) (S.D.N.Y. Feb. 24, 2025) (transferring claims arising at Marcy Correctional Facility to the United States District Court for the Northern

**DISCUSSION**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff to allege that one of the municipality's employees or agents engaged in some wrongdoing. The plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may be liable under . . . section [1983] if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654 F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy, custom, or practice, and (2) that the policy, custom, or practice caused the violation of the plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012); *Bd. of Cnty. Comm'rs v. Brown,* 520 U.S. 397, 403 (1997) (internal citations omitted). To succeed, a plaintiff must show "[a] pattern of similar constitutional violations by untrained employees . . . to demonstrate deliberate indifference for purposes of failure to train," *Connick v. Thompson*, 563 U.S. 51, 61 (2011) ("A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train.").

A plaintiff may satisfy the policy or custom requirement by alleging one of the following: "(1) a formal policy officially endorsed by the municipality; (2) actions taken by government officials responsible for establishing the municipal policies that caused the particular deprivation in question; (3) a practice so consistent and widespread that, although not expressly authorized,

---

District of New York, dismissing as duplicative claims occurring in this district); *Werner v. New York City*, No. 24-CV-6284 (LTS) (S.D.N.Y. Oct. 10, 2024) (dismissing complaint without prejudice under Rule 41(a) of the Federal Rules of Civil Procedure).

constitutes a custom or usage of which a supervising policy-maker must have been aware; or (4) a failure by policymakers to provide adequate training or supervision to subordinates to such an extent that it amounts to deliberate indifference to the rights of the those who come into contact with the municipal employees." *Brandon v. City of New York*, 705 F. Supp. 2d 161, 276-77 (S.D.N.Y. 2010) (citations omitted).

The sole defendant in the amended complaint is the City of New York. Although Plaintiff purports to assert a municipal liability claim, the amended complaint does not contain facts in support of such a claim.

## SUPPLEMENTAL JURISDICTION

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## LEAVE TO AMEND

District courts generally grant a *pro se* plaintiff leave to amend a complaint to cure its defects, but leave to amend may be denied if the plaintiff has already been given an opportunity to amend but has failed to cure the complaint's deficiencies. *See Ruotolo v. City of New York*,

514 F.3d 184, 191 (2d Cir. 2008); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's amended complaint cannot be cured with a further amendment, the Court declines to grant Plaintiff another opportunity to amend.

## CONCLUSION

For the reasons set forth in this order, and the order dated June 20, 2025, Plaintiff's amended complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court declines to exercise supplemental jurisdiction of any state-law claims Plaintiff may be asserting. 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:  November 19, 2025
        New York, New York

                             /s/ Laura Taylor Swain
                             LAURA TAYLOR SWAIN
                         Chief United States District Judge